# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSE ROSADO | : | CIVIL ACTION |
|---|---|---|
| v. | : | No. 10-1877 |
| ENCOMPASS INSURANCE COMPANY, *et al*. | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                     June 10, 2010

In this insurance contract and bad faith case removed from the state court, the plaintiff has moved for remand. He argues that the action should be remanded to the Court of Common Pleas of Philadelphia because the amount in controversy does not exceed the jurisdictional threshold of $75,000.00; the removing defendant failed to get the other served defendant's consent to remove the action; and the case is not removable because one of the defendants is a citizen of Pennsylvania.

At the time the defendant Encompass Insurance Co. ("Encompass"), an Illinois corporation, removed the action to this court, the defendant Allstate Insurance Co. ("Allstate"), also an Illinois corporation, had been served but no appearance had been entered. The notice of removal did not include Allstate's consent to removal. The individual defendant, Alfredo Medina, who is a Pennsylvania citizen, has not yet been served.

The plaintiff, a New Jersey citizen, filed a complaint in the Philadelphia Court of Common Pleas to recover uninsured motorist benefits and damages for injuries he allegedly sustained when he was hit by an unknown driver of another car. He named as

defendants his two automobile insurers and the owner of the other car. His three-count complaint asserts causes of action for negligence against the car owner, and breach of contract and bad faith against the insurers. He alleges that he sustained "severe injuries;" underwent "extreme pain, suffering, disability, impairment, humiliation, disfigurement;" "incurred medical and hospital expenses;" and suffered loss of earnings. In each count asserted against each defendant, the plaintiff has an *ad damnum* clause demanding judgment "in excess of Fifty Thousand Dollars ($50,000.00)."

After Encompass filed its Notice of Removal, the plaintiff filed a Certification of Damages, in which he stated that "according to the current status of plaintiff's injuries and damages, the amount in controversy does not exceed $75,000.00, exclusive of costs." One week later, he filed his motion to remand.

## Discussion

In removal actions, the defendant bears the burden of demonstrating federal jurisdiction. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)); *accord Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (the removing party "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court"). Additionally, removal statutes are to be strictly construed, and all doubts are resolved in favor of remand. *Brown*, 575 F.3d at 326; *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Where the state-court complaint unequivocally states that the total amount sought is less than the jurisdictional threshold, the removing defendant must prove by a legal

certainty that the amount in controversy exceeds the jurisdictional amount. *Frederico*, 507 F.3d at 197. On the other hand, where the complaint does not expressly state that the amount in controversy is less than the jurisdictional minimum, the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. *Id.*; *Samuel-Bassett*, 357 F.3d at 397-98.

Where there are factual disputes regarding the amount in controversy, the removing defendant must prove, by a preponderance of the evidence, the facts establishing that the amount in controversy exceeds the jurisdictional threshold. *Chrin v. Ibrix, Inc.*, 293 Fed. App'x 125, 127 (3d Cir. 2008) (citing *Frederico*, 507 F.3d at 194); *Samuel-Bassett*, 357 F.3d at 398. If the defendant fails to meet this burden, the case will be remanded.

In removal cases, the analysis begins with an examination of the complaint filed in the state court. *Frederico*, 507 F.3d at 197 (quoting *Samuel-Bassett*, 357 F.3d at 398). If the complaint is silent or ambiguous as to the amount in controversy, we look to the notice of removal. *Id.* at 196 (citing *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006)). We may also rely on stipulations, affidavits, depositions and other documents relevant to the value of the claims. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 223 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

The amount in controversy is measured as of the date of removal. *Meritcare*, 166 F.3d at 217. Following removal, a plaintiff cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the jurisdictional minimum. *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293-94 (1938)). However, a "'distinction must be made . . . between

subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action.'" *Meritcare*, 166 F.3d at 217-218 (quoting *State Farm Mutual Auto. Ins. Co. v. Powell*, 87 F.3d 93, 97 (3d Cir.1996)). Thus, where a complaint is ambiguous as to the damages asserted and the amount in controversy is not apparent, a court may consider a subsequent stipulation as clarifying rather than amending an original pleading. *Angus*, 989 F.2d 142, 145 n.3; *Meritcare*, 166 F.3d at 222-23 (finding remand to state court necessary where the plaintiff conceded in a pretrial statement that his damages never exceeded the requisite jurisdictional amount).

The plaintiff's certification that his damages do not exceed $75,000.00 is a clarification, not an amendment. His complaint was ambiguous, stating only that the damages sought were in excess of $50,000.00. It did not make a demand for a specific amount. It did not demand damages in excess of $75,000.00. His certification resolves any ambiguity.

On the other hand, Encompass has produced no evidence of the amount in controversy. It relies solely on the plaintiff's general allegations in the complaint. Its argument rests on the fact that the complaint contains three *ad damnum* clauses stating that damages exceed $50,000.00. Pleadings that seek damages "in excess of" amounts below the jurisdictionally required amount do not conclusively resolve the amount in controversy question on a motion to remand. *See Meritcare*, 166 F.3d at 217 (an *ad damnum* clause in a complaint, which stated that the damages would exceed $25,000.00, was "little more than an open-ended claim that fails to answer the amount in controversy inquiry"); *Angus*, 989 F.2d at 146 (plaintiff's complaint, which stated two claims seeking

4

damages "in excess of $20,000," was merely "an open-ended claim," and the amount in controversy was to be determined by a "reasonable reading of the value of the rights being litigated.") (citations omitted). Thus, the mere fact that plaintiff avers that damages will exceed a figure less than the jurisdictional amount does not satisfy the defendant's burden.[1]

## Conclusion

Because the removing defendant has not satisfied its burden of demonstrating, by a preponderance of the evidence, the facts showing that the jurisdictional amount in controversy has been met, and because the removal statutes are to be strictly construed and all doubts resolved in favor of remand, the motion to remand will be granted.

---

[1] Because we find that jurisdiction is lacking for failure to satisfy the amount in controversy requirement, we do not address the other two grounds for remand raised by the plaintiff.